**McGLINCHEY STAFFORD**
Sanford Shatz (SBN 127229)
Thomas S. Van (SBN 209632)
2050 Main Street, Suite 550
Irvine, California 92614
Telephone: (949) 381-5900
Facsimile: (949) 271-4040
Email: tvan@mcglinchey.com
sshatz @mcglinchey.com

Attorneys for *Defendants* **Assurance Financial Group, LLC and Kenneth D. Hodges**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>*Ex rel*. RELATOR LLC, a California Limited Liability Company<br><br>Realtor,<br><br>v.<br><br>KENNETH D. HODGES, an individual; ASSURANCE FINANCIAL GROUP, LLC, a Louisiana Limited Liability Company; and DOES 1-10,<br><br>Defendants. | Case No.: 2:22-cv-05200-FWS-GJSx<br><br>Hon. Fred W. Slaughter<br><br>**DEFENDANTS ASSURANCE FINANCIAL GROUP, LLC AND HODGES NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**<u>Hearing</u>**:<br>Date: November 6, 2025<br>Time: 10:00 a.m.<br>Crtrm.: 10D<br><br>*[Filed concurrently with Request for Judicial Notice; Declaration of Thomas S. Van; and (Proposed) Order]* |

**TO ALL INTERESTED PARTIES**:

**PLEASE TAKE NOTICE** that, on November 6, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard before the above-entitled court, *defendants* Assurance Financial Group, LLC ("<u>AFG</u>") and Kenneth D. Hodges ("<u>Hodges</u>") (collectively "<u>Defendants</u>") will, and hereby does, move the Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).

As set forth more fully in the accompanying Memorandum of Points and

Authorities, this motion ("Motion") seeks a dismissal of this action without leave to amend on the ground that the Complaint filed by *plaintiff* Relator LLC ("Relator") fails to state a claim against Defendants upon which relief can be granted.

This Motion is based on the attached Memorandum, the Request for Judicial Notice, the Declaration of Thomas S. Van, the pleadings and papers on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

Pursuant to Central District Local Rule 7-3, this Motion is made following the conference of counsel starting on September 19, 2025 and ending on September 26, 2025. Declaration of Thomas S. Van, ¶¶ 8-9.

Dated: September 29, 2025

**McGLINCHEY STAFFORD**

By: */s/ Thomas S. Van*
THOMAS S. VAN
Attorneys for *Defendant* **ASSURANCE FINANCIAL GROUP, LLC and KENNETH D. HODGES**

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........ 1

II. FACTUAL AND PROCEDURAL BACKGROUND ........ 2

III. LEGAL STANDARD ........ 3

IV. LEGAL ARGUMENT ........ 5

A. Relator's Claims Are Barred By The Public Disclosure Bar ........ 5

1. Relator's Allegations Are Based Entirely On Public Information ........ 6

2. Relator's Is Not An "Original Source" of the Public Disclosure ........ 9

B. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE FALSE CLAIMS ACT ........ 10

C. RELATOR FAILS TO STATE A CLAIM AGAINST HODGES ........ 12

V. AMENDMENT WOULD BE FUTILE ........ 13

VI. CONCLUSION ........ 13

# TABLE OF AUTHORITIES

**Cases** **Pages**

*A-1 Ambulance Serv., Inc. v. California*,
202 F.3d 1238 (9th Cir. 2000) .......... 8

*Amphastar Pharms. Inc. v. Aventis Pharma SA*,
856 F.3d 696 (9th Cir. 2017) .......... 10

*Ascon Properties, Inc. v. Mobil Oil Co.*,
866 F.2d 1149 (9th Cir. 1989) .......... 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 4, 11, 12

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1990) .......... 3

*Bell Atlantic v. Twombly*,
550 U.S. 555 (2007) .......... 4, 10, 11

*Bly-Magee v. California*,
236 F.3d 1014 (9th Cir. 2001) .......... 5

*Codexis, Inc. v. EnzymeWorks, Inc.*,
2017 WL 4236860 (N.D. Cal. 2017) .......... 13

*In re Century Aluminum Co. Sec. Litig.*,
729 F.3d 1104 (9th Cir. 2013) .......... 11

*Lesnik v. Eisenmann SE*,
374 F. Supp. 3d 923 (N.D. Cal. 2019) .......... 4

*Malhotra v. Steinberg*,
770 F.3d 853 (9th Cir. 2014) .......... 10

*Paramount Pictures Corp. v. Replay TV*,
298 F. Supp. 2d 921 (C.D. Cal. 2004) .......... 13

*Schindler Elevator Corp. v. United States ex rel. Kirk*,
563 U.S. 401 (2011) .......... 6, 7

*Silbersher v. Valeant Pharms. Int'l, Inc.*,
89 F.4th 1154 (9th Cir. 2024) .......... 6, 8

*State of California v. Pac. Bell Tel. Co.*,
142 Cal. App. 4th 741, *as modified* (2006) ........................................................14

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007)..............................................................................................4

*United States v. Corinthian Colleges*,
655 F.3d 984 (9th Cir. 2011) ..............................................................................4

*United States v. Villaspring Health Care Ctr., Inc.*,
3:11-CV-43, 2011 WL 6337455 (E.D. Ky. Dec. 19, 2011) ..............................13

*United States v. United Healthcare Ins. Co.*,
848 F.3d 1161 (9th Cir. 2016) ............................................................................5

*United States ex rel. Calva v. Impac Secured Assets Corp.*,
2018 WL 6016152 (C.D. Cal. June 12, 2018)......................................................6

*United States ex rel. Durkin v. County of San Diego*,
300 F. Supp. 3d 1107 (S.D. Cal. 2018) .............................................................12

*United States ex rel. Mateski v. Raytheon Co.*,
816 F.3d 565 (9th Cir. 2016) .....................................................................5, 6, 8

*United States ex rel. Relator, LLC v. Kootstra*,
No. 1:22-CV-00924-TLN-CDB, 2024 WL 3666470 (E.D. Cal. Aug. 6, 2024) ..................................................................................1, 7, 9, 14

*United States ex rel. Rosner v. WB/Stellar IP Owner, LLC*,
739 F. Supp. 2d 396 (S.D.N.Y. 2010) ..................................................................7

*U.S. ex rel. Hendow v. Univ. of Phx.*,
461 F.3d 1166 (9th Cir. 2006) ............................................................................10

*Zixiang Li v. Kerry*,
710 F.3d 995 (9th Cir. 2013) ..............................................................................4

**Statutes**

31 U.S.C. § 3729(b)(1)(A)(i)-(iii)....................11

31 U.S.C. § 3730(e)(4)....................1

31 U.S.C. § 3730(e)(4)(A)....................5, 9

31 U.S.C. § 3730(e)(4)(A)–(B)....................6

31 U.S.C. § 3730(e)(4)(A)(ii)....................7

31 U.S.C. §3730(e)(4)(B)....................10

False Claims Act, 31 U.S.C. § 3729....................1, 10

Fed. R. Civ. P. 8....................4

Fed. R. Civ. P. 8(a)....................1

Fed. R. Civ. P. 8(a)(2)....................4

Fed. R. Civ. P. 9(b)....................1, 4, 5, 12

Fed. R. Civ. P. 12(b)(6)....................3, 4, 11

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Assurance Financial Group, LLC ("AFG") and Kenneth D. Hodges ("Hodges") (collectively, "Defendants") hereby submit the following Memorandum of Points and Authorities in Support of their Motion to Dismiss the Complaint ("Complaint") filed by Relator, Relator LLC ("Relator").

## I. INTRODUCTION

Relator is an entity created solely for the purpose of filing lawsuits alleging violations of the False Claims Act, 31 U.S.C. § 3729 ("FCA"), in connection with COVID-19 relief programs, including other lawsuits premised on alleged noncompliance with the Paycheck Protection Program ("PPP") administered by the U.S. Small Business Administration ("SBA"). Last year, a United State District Court for the Eastern District of California chastised Relator for bringing a lawsuit based on publicly available information and the case was later voluntarily dismissed with full consent of the United States. *See*, *United States ex rel. Relator, LLC v. Kootstra* ("*Kootstra*"), No. 1:22-CV-00924-TLN-CDB, 2024 WL 3666470, at *5 (E.D. Cal. Aug. 6, 2024) (finding that "Relator's Complaint appears to be at odds with the purpose of qui tam actions.")

Similar to *Kootstra*, Relator alleges that Defendants violated the FCA because Defendants applied for and received a PPP loan when Defendants allegedly knew that "lenders" were ineligible from obtaining a PPP loan. Complaint ¶ 1. However, Plaintiff's FCA claim fails because Relator is barred by the public disclosure bar (31 U.S.C. § 3730(e)(4)) and because the allegations supporting these claims cannot meet either the plausibility pleading standard of Fed. R. Civ. P. 8(a) or the heightened pleading standard of Fed. R. Civ. P. 9(b).

Specifically, all of the material information upon which Relator relies in alleging violations of the FCA is publicly available from the PandemicOversight.gov database, an official website maintained by the United States government that is available to everyone. Relator is not an original source and also has no independent knowledge of

the information alleged in the Complaint outside of what is publicly available.

Relator's argument, that lenders are categorically ineligible for PPP loans, is also incorrect. Complaint ¶ 1. Even the Complaint admits that there are circumstances "under which certain businesses engaged in lending may be eligible" for PPP loans, including mortgage servicing companies that disburse and sell loans within 14 calendar days of closing. Complaint ¶ 45. The Complaint fails to allege that Defendants do not qualify under any of the circumstances as provided by the SBA's guidance. Finally, other than identifying Defendant Hodges as the CEO for AFG, the Complaint is utterly devoid of specific facts to support the FCA claims. For these reasons, as discussed more fully herein, the Complaint should be dismissed in its entirety without leave to amend.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that Defendants applied for and received a PPP loan in the amount of $3,603,800.00 ("PPP Loan") when it was allegedly ineligible from obtaining a PPP loan, used the PPP Loan for "payroll and mortgage costs," and received loan forgiveness for the entire amount. Complaint ¶ 1. Plaintiff alleges that AFG is a money lender, a business type that Plaintiff argues was ineligible for SBA Loans under the PPP loan program. Complaint ¶ 2-3, 21-23.

Information on the PPP Loan obtained by Defendants is shown on a publicly available federal report at PandemicOversight.gov, an official website and database maintained by the United States government that is ***available to everyone***. Defendants' Request for Judicial Notice ("RJN"); Declaration of Thomas S. Van ("Van Decl."), ¶¶ 3-6, **Exhibits 1-3**.) Specifically, the database contains complete information on Defendant AFG's PPP Loan, along with thousands of other borrowers' information, including:

- Loan Number (column A): 6871627006
- Date Approved (column B): April 7, 2020
- Borrower Name (column E): Assurance Financial Group, LLC
- Loan Approval Amount (column O): $3,603,800

- Lender (column S and AT): Origin Bank
- Jobs Reported (column AG): 231
- NAICSCode (column AH): 522292
- Payroll (column AL): $2,883,040
- Mortgage costs (column AM): $720,760
- Forgiveness Date (column BA): August 2, 2021

RJN; Van Decl. ¶¶ 3-6, **Exhibit 4 and 4.1**. As shown above, the material facts in the Complaint are substantially similar to the public information available in the PandemicOversight.gov database. Additionally, Plaintiff's allegations about AFG are based entirely upon AFG's public website. Plaintiff even admits that the information about AFG's "economic necessity" for the PPP Loan comes from "[p]ublic information" derived from AFG's website. Complaint, ¶ 7, footnote 4. Moreover, Relator, LLC was incorporated in May 31, 2022. RJN; Van Decl., ¶ 7, **Exhibit 5**. It is impossible for Relator to have any "original source" information about AFG or the PPP Loan as Plaintiff did not even exist in 2020.

Based upon publicly available information, Plaintiff filed this action Under Seal against Defendants on July 27, 2022. Docket No. 1. On April 22, 2025, the United States filed a Notice of Election to Decline Intervention and Request to Unseal the Case, and the case was unsealed by Order of the Court. Dkts. Nos. 36-37.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). At this stage, the Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and

matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court "need not accept as true allegations contradicted by judicially noticeable facts . . . and it may look beyond the plaintiff's complaint to matters of public record without converting the Rule 12(b)(6) motion into a motion for summary judgment[.]" *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 937 (N.D. Cal. 2019) (internal citations and quotation marks omitted). If the factual allegations in a complaint do not raise the "right to relief above the speculative level," the complaint may be dismissed for failure to state a claim under Rule 12(b)(6). *See Bell Atlantic v. Twombly*, 550 U.S. 555 (2007).

Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8. *See Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013). Pursuant to Rule 8, a complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2). While the Federal Rules of Civil Procedure adopt a flexible pleading policy, every complaint must, at a minimum, "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citations omitted). Although a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' for his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). Indeed, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

Relator's FCA claims are also subject to the heightened pleading requirement of Fed. R. Civ. P. 9(b). *United States v. Corinthian Colleges*, 655 F.3d 984, 996 (9th Cir. 2011). Rule 9(b) provides that, in all averments of fraud, the circumstances constituting fraud must be stated with particularity. "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and

not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks and citation omitted). Accordingly, under Rule 9(b), Relator "must allege the who, what, when, where, and how of the misconduct charged, including what is false or misleading about a statement, and why it is false." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016).

## IV. LEGAL ARGUMENT

### A. Relator's Claims Are Barred By The Public Disclosure Bar

Relator's claims are barred by the FCA's public disclosure bar. Congress passed the FCA to incentivize relators with genuinely valuable insider information to come forward, but also sought to preclude recovery by "parasitic" plaintiffs "who have no significant information of their own to contribute." *United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 570 (9th Cir. 2016).

To strike that balance, Congress enacted a "public disclosure bar," which states that courts "shall" dismiss an action, unless opposed by the government, "if substantially the same allegations or transactions . . . were publicly disclosed" in specified sources before the action was filed, unless the relator is an "original source of the information." 31 U.S.C. § 3730(e)(4)(A). Specifically, the statute states:

> (A) The court shall dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed—
>
> (i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;
>
> (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or
>
> (iii) from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.
>
> (B) For purposes of this paragraph, "original source" means an individual who either (i) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government

> the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section.

31 U.S.C. § 3730(e)(4)(A)–(B).

The public disclosure bar involves a two-step inquiry. *United States ex rel. Calva v. Impac Secured Assets Corp.*, 2018 WL 6016152, at *3 (C.D. Cal. June 12, 2018). "First, the Court must determine whether there was a prior public disclosure of the allegations or transactions underlying the *qui tam* suit through one of the enumerated sources." *Id.* (internal quotation marks omitted). An "allegation" refers to a prior "direct claim of fraud," whereas a "transaction" refers to the disclosure of "facts from which fraud can be inferred." *Silbersher v. Valeant Pharms. Int'l, Inc.*, 89 F.4th 1154, 1167 (9th Cir. 2024). The Supreme Court has observed that the public disclosure bar applies with a broad scope to the source in which the disclosure occurs, and that the phrase "allegations or transactions" is "wide-reaching." *Schindler Elevator Corp. v. United States ex rel. Kirk*, 563 U.S. 401, 408 (2011). Second, "[i]f there has been a public disclosure, the Court must then determine whether the relator is an 'original source' within the meaning of the statute." *Id.* The Complaint fails under this two part analysis.

**1. <u>Relator's Allegations Are Based Entirely On Public Information</u>**

Determining whether there has been a public disclosure of the transactions underlying the lawsuit has three components—whether "(1) the disclosure at issue occurred through one of the channels specified in the statute; (2) the disclosure was public; and (3) the relator's action is substantially the same as the allegation or transaction publicly disclosed." *Silbersher*, 89 F.4th at 1163. In the Ninth Circuit, "for a relator's allegations to be based upon a prior public disclosure, the publicly disclosed facts need not be identical with, but only substantially similar to, the relator's allegations." *Mateski*, 816 F.3d at 573 (internal quotation marks and citation omitted).

Here, the transactions in the Complaint were publicly disclosed through a federal report. *See* 31 U.S.C. § 3730(e)(4)(A)(ii). Every significant fact that Relator alleges is publicly available on PandemicOversight.gov, an official website of the United States government. RJN; Van Decl. ¶¶ 3-6, Exhibits 1-4.1. This website is maintained by the Pandemic Response Accountability Committee ("PRAC") of the Council of the Inspectors General on Integrity and Efficiency, and the navigable database qualifies as a "report" for purposes of the public disclosure bar. *See United States ex rel. Rosner v. WB/Stellar IP Owner, LLC*, 739 F. Supp. 2d 396, 405, 407 (S.D.N.Y. 2010) (holding that a "database available on a government website" can qualify as a "report" under the public disclosure bar when "readily available," "free," and "easily navigable").

In the recent *Kootstra* case, the Court granted the Motion to Dismiss by a similarly situated defendant in the mortgage lending industry, against Relator, based on the public disclosure bar:

> The Court agrees with Defendants that the website is a federal report. In *Schindler Elevator Corp. v. United States ex rel. Kirk*, the Supreme Court explained the "ordinary meaning" of "report is something that gives information or a notification, or an official or formal statement of facts or proceedings." 563 U.S. 401, 407 (2011) (internal citation, quotation marks, and alterations omitted). The Court reasoned that "[t]his broad ordinary meaning of 'report' is consistent with the generally broad scope of the FCA's public disclosure bar." *Id.*
>
> In the instant case, PandemicOversight.gov clearly gives information. The website is titled "PPP Borrower Search." (ECF No. 33-2 at 11.) The website provides information about PPP borrowers such as the borrower's name, location, business type, industry, business age, lender, date the PPP loan was approved, loan amount, spending category, amount forgiven, number of loans, and jobs reported. (*Id.*) Considering *Schindler*'s broad definition of "report" and absent any argument to the contrary from Relator, the Court concludes the website constitutes a "federal report" within the meaning of the public disclosure bar.

*Kootstra*, *supra*, 2024 WL 3666470, at *4.

Here, the PandemicOversight.gov database shows the following judicially noticeable information: Column A - Loan Number: 6871627006; Column B - Date Approved: April 7, 2020; Column E - Borrower Name: Assurance Financial Group,

LLC; Column O - Loan Approval Amount: $3,603,800; Columns S - Lender: Origin Bank; Column AG - Jobs Reported: 231; Column AH - NAICSCode: 522292; Column AL - Payroll: $2,883,040; Column AM - Mortgage costs: $720,760; and Column BA - Forgiveness Date: August 2, 2021. RJN; Van Decl. ¶¶ 3-6, Exhibits 1-4.1. This is precisely the factual information upon which the allegations in the Complaint are premised.

Relator's action is also "substantially similar" to the transactions that have already been disclosed on PandemicOversight.gov. In making this determination, the Ninth Circuit applies the following formula:

> [I]f X + Y = Z, Z represents the allegation of fraud and X and Y represent its essential elements. In order to disclose [a] fraudulent transaction publicly, the combination of X and Y must be revealed, from which readers or listeners may infer Z, *i.e.*, the conclusion that fraud has been committed.

*Silbersher*, 89 F.4th at 1167 (quoting *Mateski*, 816 F.3d at 571). "In the *Mateski* formula, the variables X and Y stand for the fundamental elements of fraud: a misrepresented state of facts and a true state of facts." *Id.* (internal quotation marks and citations omitted). If either side of the equation has been disclosed—"X+Y" (the transactions) or "Z" (the allegations)—the suit is barred. *Id.* The "transaction" prong of the public disclosure bar precludes suits when "the material elements of the allegedly fraudulent transaction are disclosed in the public domain." *A-1 Ambulance Serv., Inc. v. California*, 202 F.3d 1238, 1243 (9th Cir. 2000) (internal quotation marks and citation omitted). The public disclosure bar does not require "an explicit 'allegation' of fraud" in the prior disclosures. *Mateski*, 816 F.3d at 571 (quoting *Hagood v. Sonoma Cty. Water Agency*, 81 F.3d 1465, 1473 (9th Cir. 1996)). In other words, "[t]hat the disclosed transactions themselves may not have pointed directly to any wrongdoing is simply of no moment." *A-1 Ambulance*, 202 F.3d at 1245.

Here, "X" represents PPP Loan origination facts derived from the public database, and "Y" represents the statutory facts that mortgage lenders are (allegedly)

ineligible for PPP loans. These two publicly revealed facts are what Relator relies to infer the conclusion – "Z" – that fraud must have been committed. In the recent *Kootstra* case, the Court agreed with this analysis:

> The thrust of Relator's Complaint is that Defendants applied for and obtained a PPP loan despite knowing they were ineligible to do so as a mortgage lender. Defendants' status as a mortgage lender and the fact that they obtained a PPP loan was publicly disclosed. Not only does Relator allege Defendants reported being a mortgage lender on the PPP application, but that information is also reflected on PandemicOversight.gov. (*See* ECF No. 1 at 5–6 (alleging GEM used NAICS Code 522292 on its PPP loan application, signifying it was a lending company that used real estate as collateral); *see also* ECF No. 33-2 (indicating GEM is a mortgage company in the real estate credit industry).) In other words, the material elements of the alleged fraud — that Defendants applied for a PPP loan despite being a mortgage lender — were publicly disclosed. From that information, "readers or listeners may infer ... the conclusion that fraud has been committed" — namely, that Defendants falsely and/or fraudulently applied for a PPP loan despite being ineligible to do so.

*Kootstra*, 2024 WL 3666470, at *4. As a result, California Courts have already found that Relator's action is "substantially similar" to the transactions that have already been publicly disclosed. Accordingly, the cause of action under the FCA is barred by the public disclosure bar.

### 2. Relator's Is Not An "Original Source" of the Public Disclosure

The Court "shall dismiss [the] action" unless Relator is an original source and the government does not oppose dismissal. 31 U.S.C. § 3730(e)(4)(A). A person is an "original source" if: (1) prior to the public disclosure, that person has voluntarily disclosed to the government the information on which the transactions in a claim are based; or (2) that person has knowledge that is independent of, and materially adds to, the publicly disclosed transactions. *Id.*

Here, Relator is not an original source of any of the information alleged in the Complaint. Relator's knowledge is derived purely from the public database information and AFG's public website. RJN, Van Decl. ¶¶ 3-6, Exhibits 1-4.1. Relator also cannot have known of its claims before the public disclosures occurred. Relator LLC was

incorporated in May 31, 2022. RJN; Van Decl., ¶ 7, Exhibit 5. It is impossible for Relator to be an "original source" of the information relating to the PPP Loan, which occurred in 2020, as Relator did not even exist yet. Importantly, the Complaint contains no facts indicating how Relator could be an "original source" of the public disclosures.

The Complaint also contains no facts alleging how Relator would have "independent" knowledge of the alleged fraud prior to the public disclosures. "To prove independent knowledge relators have to show they had relevant evidence of fraud prior to the public disclosure." *Amphastar Pharms. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 705 (9th Cir. 2017) (internal quotation marks omitted); *Malhotra v. Steinberg*, 770 F.3d 853, 860 (9th Cir. 2014) (requiring facts "to show that they knew of the information underlying the alleged scheme before" the public disclosure). Relator's naked allegation that it meets the "original source" meaning within 31 U.S.C. §3730(e)(4)(B) by "voluntarily providing this information to the United States Government prior to filing this *qui tam* action," is without any factual support. Complaint ¶ 64. Simply regurgitating the statutory elements without providing any factual basis is conclusory and fails to state a claim. *See Twombly*, 550 U.S. at 545 (a "formulaic recitation of a cause of action's elements" is not sufficient to state a claim).

Because Relator is not an original source, the claims in the Complaint are barred by the public disclosure bar and should be dismissed with prejudice.

### B. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE FALSE CLAIMS ACT

To state an FCA claim, a relator must allege with particularity: "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *U.S. ex rel. Hendow v. Univ. of Phx.*, 461 F.3d 1166, 1174 (9th Cir. 2006). The crux of Relator's Complaint is based on the incorrect argument that AFG obtained the PPP Loan when it knew that "money lenders are not eligible to receive" PPP loans. Complaint ¶ 4. Indeed Plaintiff's theory of fraud is refuted by its own admission in Paragraph 45 of the

Complaint that certain lending business can be eligible for PPP loans:

> (b) The limited circumstances under which certain businesses engaged in lending may be eligible are as follows . . . (iii) A mortgage servicing company that disburses loans and sells them within 14 calendar days of loan closing *is eligible*. Mortgage companies primarily engaged in the business of servicing loans are eligible. Mortgage companies that make loans and hold them in their portfolio are not eligible

*See id.* (emphasis added).

The Complaint fails to address the applicability of these circumstances and the fact that mortgage companies are eligible for PPP loans. Relator is required to allege "something more" to show that AFG does not qualify as a mortgage servicing company pursuant to the SBA guidance cited in the Complaint. "When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation." *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In that situation, "[s]omething more is needed, such as facts tending to exclude the possibility that the alternative explanation is true . . . in order to render plaintiffs' allegations plausible within the meaning of *Iqbal* and *Twombly*." *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d at 1108 (internal citations omitted). When a plaintiff fails to allege "something more," the "allegations remain stuck in neutral territory" and fail under Rule 12(b)(6). *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). Here, Relator fails to allege any "facts tending to exclude the possibility that the alternative explanation is true" and the Complaint should be dismissed. *Id.*

The Complaint also fails to sufficiently pleaded the element of scienter – that Defendants "knowingly" violated the FCA. To satisfy that requirement, Relator must plead that Defendants either: (1) had actual knowledge of the information; (2) acted in deliberate ignorance of the truth or falsity of the information; or (3) acted in reckless disregard of the truth or falsity of the information. 31 U.S.C. § 3729(b)(1)(A)(i)-(iii). It

is insufficient to merely allege knowledge as to the existence of regulatory requirements. Instead, Relator must allege knowledge as to the false claim itself. *See United States ex rel. Durkin v. County of San Diego*, 300 F. Supp. 3d 1107, 1128-30 (S.D. Cal. 2018).

Here, Relator again merely regurgitates the FCA elements and offers generalized allegations that AFG was "sophisticated" or "knew full well" of the regulation. The Complaint fails to address the fact that the PPP program was an *entirely new loan program* created in response to a worldwide pandemic. Indeed, the CARES Act and PPP loan program was enacted into law on March 27, 2020, and the PandemicOversight.gov records show that AFG's PPP loan was approved on April 7, 2020. Moreover, the loan was approved by the SBA and the originating lender Origin Bank, and Defendants truthfully disclosed on the application to the SBA and Origin Bank that AFG was a mortgage lender using the "NAICS code 522292, which is for lending funds with real estate as collateral." Complaint ¶ 3. Nowhere in the Complaint does Relator allege facts to show that Defendants knowingly provided false information on AFG's PPP loan application under these circumstances. Accordingly, the Complaint fails to state a plausible cause of action for violation of the FCA and should be dismissed with prejudice.

### C. <u>RELATOR FAILS TO STATE A CLAIM AGAINST HODGES</u>

Relator's Complaint is devoid of any facts relating to Defendant Hodges individually that would plausibly support a cause of action under the FCA. The Complaint merely identifies Hodges as AFG's CEO and in conclusory fashion alleges that Hodges is a "seasoned and cunning businessman, well versed in the laws regulating his industry." Complaint ¶¶ 18, 49. Other than those two instances, the Complaint contains no specific allegations as to Defendant Hodges.

Naked recitals to the FCA cause of action elements, laden with conclusory statements, are insufficient to meet the heightened Rule 9(b) requirement to state a fraud claim against Hodges in his individual capacity. *See Iqbal*, 556 U.S. at 678 ("Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *United States v. Villaspring Health Care Ctr., Inc.*, 3:11-CV-43, 2011 WL 6337455, at *9 (E.D. Ky. Dec. 19, 2011) (holding that complaint "has not alleged any facts to support allegations that [individual defendant] caused the claims in question to be submitted as required by the FCA" and noting how the complaint "barely mentions [defendant] by name."). For these reasons, the Complaint should be dismissed with prejudice as to Defendant Hodges.

## V. <u>AMENDMENT WOULD BE FUTILE</u>

The Ninth Circuit has recognized that leave to amend is not appropriate where the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989); *see also Paramount Pictures Corp. v. Replay TV*, 298 F. Supp. 2d 921, 927, 930 (C.D. Cal. 2004) (granting motion to dismiss and denying leave to amend where the amendment would be futile). "A proposed amendment is futile where it would not survive a motion to dismiss, or it would be subject to summary judgment." *Codexis, Inc. v. EnzymeWorks, Inc.*, 2017 WL 4236860, at *3 (N.D. Cal. 2017) (citation omitted).

As detailed herein, Relator's claim against Defendants is barred by the public disclosure bar and fail to state a claim against Defendants. No amendment can overcome the legal deficiencies with Relator's FCA claim. It follows that amendment would be futile. Accordingly, Relator should not be given leave to amend the FCA claim.

## VI. <u>CONCLUSION</u>

Courts in California have recognized that FCA lawsuits brought by third-party outsiders, like Relator, which have no independent information to contribute, pose a serious potential for abuse.

> *[Q]ui tam* actions . . . present the danger of parasitic exploitation of the public coffers by opportunistic plaintiffs who have no significant information to contribute of their own. Providing cash bounties to freeloaders does not serve the purpose of the FCA to protect the public fisc.

*State of California v. Pac. Bell Tel. Co.*, 142 Cal. App. 4th 741, 746–47, *as modified* (2006) (internal quotation marks and citation omitted). The *Kootstra* Court found that "Relator's Complaint appears to be at odds with the purpose of qui tam actions" in dismissing the Complaint. *Kootstra*, 2024 WL 3666470, at *5. This is precisely the type of parasitic lawsuit that the public disclosure bar is intended to prohibit.

For the reasons set forth herein, the Complaint should be dismissed in its entirety without leave to amend.

DATED: September 29, 2025

**McGLINCHEY STAFFORD**

By: */s/ Thomas S. Van*
THOMAS S. VAN

Attorneys for *Defendants* **ASSURANCE FINANCIAL GROUP, LLC and KENNETH D. HODGES**

# PROOF OF SERVICE

**STATE OF CALIFORNIA** )
) **ss.**
**COUNTY OF ORANGE** )

I, Peter Tran, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2050 Main Street, Suite 550, Irvine, California 92614.

On September 29, 2025, I served the document(s) described as follows: **DEFENDANTS ASSURANCE FINANCIAL GROUP, LLC AND HODGES NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** as follows:

☐ **BY MAIL**: As follows:

☐ **FEDERAL –** I deposited such envelope in the U.S. mail at Irvine, California, with postage thereon fully prepaid.

☐ **BY OVERNIGHT COURIER SERVICE as follows:** I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐ **BY EMAIL SERVICE as follows:** By email or electronic transmission: Based on any agreement between the parties and/or as a courtesy, I sent the document(s) to the person(s) at the email address(es) listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's Electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth in the service list obtained from this Court. Pursuant to Electronic Filing Court Order, I hereby certify that the above documents(s) was uploaded to the website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.

Executed on September 29, 2025, at Irvine, California.

Peter Tran

**SERVICE LIST**
**USDC, Central District Case No. 2:22-cv-05200-FWS-GJSx**
**UNITED STATES OF AMERICA, et al. v. KENNETH D. HODGES, et al.**
**File # 110447.0003**

| | |
|---|---|
| Ross McDougall Cuff<br>AUSA – Office of US Attorney<br>300 North Los Angeles Street<br>Suite 7516<br>Los Angeles, CA 90012 | Attorneys for *Plaintiff* **UNITED STATES OF AMERICA**<br><br>Tel: (213) 894-7388<br>Fax: (213) 894-7819<br>Email: ross.cuff@usdoj.gov |
| Julian Brew<br>Kristen Leigh Nelson<br>Hecht Partners LLP<br>2121 Avenue of the Stars, Suite 800<br>Century City, CA 90067 | Attorneys for *Plaintiff* **RELATOR LLC**<br><br>Tel.: 310-804-8065<br>Fax:<br>Email: jbrew@hechtpartners.com<br>knelson@hechtpartners.com |