**McGLINCHEY STAFFORD**
Sanford Shatz (SBN 127229)
Thomas S. Van (SBN 209632)
2050 Main Street, Suite 550
Irvine, California 92614
Telephone: (949) 381-5900
Facsimile: (949) 271-4040
Email: tvan@mcglinchey.com
sshatz @mcglinchey.com

Attorneys for *Defendants* **Assurance Financial Group, LLC and Kenneth D. Hodges**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>*Ex rel*. RELATOR LLC, a California Limited Liability Company<br>Realtor,<br>v.<br>KENNETH D. HODGES, an individual; ASSURANCE FINANCIAL GROUP, LLC, a Louisiana Limited Liability Company; and DOES 1-10,<br>Defendants. | Case No.: 2:22-cv-05200-FWS-GJSx<br>Hon. Fred W. Slaughter<br>**DEFENDANTS ASSURANCE FINANCIAL GROUP, LLC AND HODGES' REPLY TO OPPOSITION ON MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br>**Hearing**:<br>Date: November 6, 2025<br>Time: 10:00 a.m.<br>Crtrm.: 10D |

*Defendants* Assurance Financial Group, LLC ("AFG") and Kenneth D. Hodges ("Hodges") (collectively "Defendants") respectfully submit the following Reply to Plaintiff's Opposition on Defendants' Motion to Dismiss the Complaint ("Motion").

## I. INTRODUCTION

Plaintiff Relator LLC's ("Relator") Opposition ("Opposition") fails to address or rebut the pertinent arguments that are fatal to the Complaint.

1. Relator utterly fails to address the most relevant and applicable case of *United States ex rel. Relator, LLC v. Kootstra* ("Kootstra"), No. 1:22-CV-00924-TLN-

CDB, 2024 WL 3666470, at *5 (E.D. Cal. Aug. 6, 2024), which is factually identical and addresses the exact same issues herein. In *Kootstra*, the Court dismissed Relator's complaint against a similarly situated lender-defendant for the same reasons cited in Defendants' Motion to Dismiss. The Opposition fails to address the determinative rulings ***against*** Relator, including:

- The website PandemicOversight.gov "constitutes a 'federal report' within the meaning of the public disclosure bar." *Id.*, 2024 WL 3666470, at *4.
- Applying the *Mateski* formula of X+Y=Z, the transactions leading to an inference of fraud were publicly disclosed on the website PandemicOversight.gov. *Kootstra*, 2024 WL 3666470, at *4.
- The "material elements of the allegedly fraudulent 'transaction' were disclosed in the public domain and Relator's claim and the prior disclosures are substantially similar." *Kootstra*, 2024 WL 3666470, at *5.
- Relator is not an "original source" for purposes of circumventing the public disclosure bar. "Relator's allegations appear to be based entirely on public information. Relator does not cite…any information in the Complaint that materially adds to the public disclosures or shows that Relator had any independent knowledge of the alleged fraud." *Id.*, 2024 WL 3666470, at *5.

2. Relator fails to satisfy Rule 9(b) for the material allegations that AFG did not qualify or have "current economic uncertainty" for a PPP loan. In fact, the Complaint even admits that certain lending business can be eligible for PPP loans. Complaint, ¶ 45.

3. Relator fails to address how the fatal defects in the Complaint can be amended. For the reasons set forth herein, the Complaint should be dismissed in its entirety without leave to amend.

///

///

///

# II. ARGUMENT

## A. Relator's Action is Substantially the Same as the Transactions Publicly Disclosed on PandemicOversight.gov

Relator's claims are barred by the FCA's public disclosure bar. Determining whether there has been a public disclosure of the "transactions" underlying the lawsuit has three components—whether "(1) the disclosure at issue occurred through one of the channels specified in the statute; (2) the disclosure was public; and (3) the relator's action is substantially the same as the allegation or transaction publicly disclosed." *Silbersher v. Valeant Pharms. Int'l, Inc. ("Silbersher")*, 89 F.4th 1154, 1163 (9th Cir. 2024). In the Ninth Circuit, "for a relator's allegations to be based upon a prior public disclosure, the publicly disclosed facts need not be identical with, but only substantially similar to, the relator's allegations." *United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 573 (9th Cir. 2016) (internal quotation marks and citation omitted).

Relator's Opposition concedes that the public website PandemicOversight.gov is a federal report "within the scope of §§ 3730(e)(4)(A)(i)-(iii)." Opp., p. 7:13-16. As such, the only question is whether the Relator's action is substantially the same as the transaction publicly disclosed on PandemicOversight.gov. *Silbersher*, 89 F.4th at 1163. The Opposition incorrectly argues that Defendants did not present the "Y" side of the equation, while admitting that Defendants satisfied the "X" and "Z" portions of the formula. Opp., p. 8:12-19. To the contrary, Defendants Motion stated:

> Here, "X" represents PPP Loan origination facts derived from the public database, **and "Y" represents the statutory facts that mortgage lenders are (allegedly) ineligible for PPP loans**. These two publicly revealed facts are what Relator relies to infer the conclusion – "Z" – that fraud must have been committed.

*See*, Motion, Dkt. No. 46, p. 8:27 – 9:17 (emphasis added). More importantly, not only did Defendants present the entire formula, but the Court in *Kootstra* case agreed with Defendants' analysis.

> The thrust of Relator's Complaint is that Defendants applied for and obtained a PPP loan despite knowing they were ineligible to do so as a mortgage lender. **Defendants' status as a mortgage lender and the fact that they obtained a PPP loan was publicly disclosed. Not only does Relator allege Defendants reported being a mortgage lender on the PPP application, but that information is also reflected on PandemicOversight.gov.** (*See* ECF No. 1 at 5–6 (alleging GEM used NAICS Code 522292 on its PPP loan application, signifying it was a lending company that used real estate as collateral); *see also* ECF No. 33-2 (indicating GEM is a mortgage company in the real estate credit industry).) **In other words, the material elements of the alleged fraud — that Defendants applied for a PPP loan despite being a mortgage lender — were publicly disclosed**. From that information, "readers or listeners may infer ... the conclusion that fraud has been committed" — namely, that Defendants falsely and/or fraudulently applied for a PPP loan despite being ineligible to do so.
>
> . . .
>
> For these reasons**, the Court concludes the material elements of the allegedly fraudulent "transaction" were disclosed in the public domain and Relator's claim and the prior disclosures are substantially similar**.

*Kootstra*, 2024 WL 3666470, at *4-5 (emphasis added). Relator's Opposition fails to address how this instant Motion and the ruling *against* Relator in *Kootstra* can be different. Instead, the Opposition completely ignores the fatal problems. Accordingly, the cause of action under the FCA is barred by the public disclosure bar.

**B. <u>Relator's Is Not An "Original Source" of the Public Disclosure</u>**

Relator's argument that it is an "original source" of the allegations in the Complaint is refuted by the public information on PandemicOversight.gov. The argument is particularly confounding since Relator did not even exist as an entity in 2020 and fails to address how it has any information on Defendants other than public information and speculation. Indeed, Relator was incorporated in May 31, 2022. *See*, Dkt. Nos. 47, 47-5, and 48. Relator fails to allege that it has insider information other than what copied from PandemicOversight.gov and AFG's public facing website.

The Court "shall dismiss [the] action" unless Relator is an original source and the government does not oppose dismissal. 31 U.S.C. § 3730(e)(4)(A). A person is an "original source" if: (1) prior to the public disclosure, that person has voluntarily

disclosed to the government the information on which the transactions in a claim are based; or (2) that person has knowledge that is independent of, and materially adds to, the publicly disclosed transactions. *Id.*

Here, Relator's knowledge is derived purely from the public database information and AFG's public website. *See*, Dkt. Nos. 47, 47-1 through 47-4, 48. Relator even admits that "some of the information in the Complaint is available online…." Opp., p. 10:11-12. But in fact, ***all*** of the information in the Complaint is publicly available online. The Opposition also contains no facts alleging how Relator would have "independent knowledge" of the alleged fraud ***prior*** to the public disclosures. "To prove independent knowledge relators have to show they had relevant evidence of fraud prior to the public disclosure." *Amphastar Pharms. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 705 (9th Cir. 2017) (internal quotation marks omitted); *Malhotra v. Steinberg*, 770 F.3d 853, 860 (9th Cir. 2014) (requiring facts "to show that they knew of the information underlying the alleged scheme before" the public disclosure). Again, Relator LLC was incorporated in May 31, 2022 and it is impossible for Relator to be have "independent knowledge" ***prior*** to the public disclosure, or any information that "materially adds" to the public disclosure. 31 U.S.C. § 3730(e)(4)(A).

Relator's argument that it took "time and skill to find" Defendants (allegedly) fraudulent conduct is insulting to the skilled Attorney Generals throughout this District and country. Opp., p. 10:13-16. The PandemicOversight.gov database is fully navigable, searchable, and contains all of the material facts of the Complaint in one place. It takes only a few keystrokes to find the names of lenders, mortgage companies, or the NAICS Code 522292, and all of the information relating to that company's PPP loan information appears on one-single row of information. *See*, Dkt. No. 47-4. It takes no legal skill or substantial time to find AFG's PPP Loan information, which is then copied onto Relator's Complaint. It only takes basic Excel Spreadsheet 101 knowledge. Accordingly, Relator is not an "original source" and has no *prior* independent

knowledge that materially adds to the public disclosures. Accordingly, Relator's Complaint should be dismissed under the public disclosure bar.

**C. <u>Relator Fails to Plead FCA Claims with Particularity</u>**

To state an FCA claim, a relator must allege with particularity: "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *U.S. ex rel. Hendow v. Univ. of Phx.*, 461 F.3d 1166, 1174 (9th Cir. 2006). Pursuant to Rule 9(b), in all averments of fraud, the circumstances constituting fraud must be stated with particularity. To comply with Rule 9(b), Relator "must allege the who, what, when, where, and how of the misconduct charged, including what is false or misleading about a statement, and why it is false." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016).

The crux of Relator's FCA Claim is based on the incorrect argument that AFG obtained the PPP Loan when it knew that "money lenders are not eligible to receive" PPP loans. Complaint ¶ 4. The Opposition, however, fails to address the fatal flaw where Relator's theory of fraud is refuted by its own admission in Paragraph 45 of the Complaint that certain lending business can be eligible for PPP loans:

> (b) The limited circumstances under which certain businesses engaged in lending may be eligible are as follows . . . (iii) <u>A mortgage servicing company that disburses loans and sells them within 14 calendar days of loan closing *is eligible*</u>. Mortgage companies primarily engaged in the business of servicing loans are eligible. Mortgage companies that make loans and hold them in their portfolio are not eligible

*See id.* (emphasis added).

The Opposition fails to address the applicability of these circumstances and the fact that mortgage companies are eligible for PPP loans. Relator is required to allege "something more" to show that AFG does not qualify as a mortgage servicing company pursuant to the SBA guidance cited in the Complaint. When a plaintiff fails to allege "something more," the "allegations remain stuck in neutral territory" and fail under Rule

12(b)(6). *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). Here, Relator fails to allege any "facts tending to exclude the possibility that the alternative explanation is true" and the Complaint should be dismissed. *Id.*

Relator next argues that it specifically alleged that the PPP loan certifications of eligibility, economic necessity, and use of proceeds for the PPP loan were false. Opp. Pgs. 11-12. However, the allegations relating to the certifications are conclusory, based on speculation, and contains no detailed information required by Rule 9(b). Let's recall that Defendants' PPP Loan was commenced in April 2020. Relator did not exist at that time in 2020 and had no independent knowledge of Defendants' business operations. Thus it is impossible for Relator to allege, with any specification, AFG's eligibility for the loan, AFG's "current economic uncertainty" at that time, or use of the loan proceeds. All of these events occurred prior to Relator being incorporated as a legal entity in May 2022.

Other than naked conclusory allegations, the Complaint lacks specificity as to the "who, what, when, where, and how." *United Healthcare Ins. Co.*, 848 F.3d at 1180. For example, the Complaint lacks any specific allegation that AFG did not qualify for a PPP loan under any of the eligibility criteria, including those identified in paragraph 45 of the Complaint, where mortgage servicing companies qualify if they disburse and sell loans within 14 days of loan closing. Complaint ¶ 45.

As to economic need, the Complaint reproduced an excerpt of SBA Form 2484, conceding that applicants simply had to represent to the Lender that "current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant." Complaint ¶ 31. Other than generic statements derived "public information" that Defendant AFG was a "lucrative and successful" company between the years of 2019 and 2020, the Complaint lacks any detail as its financial circumstances or its business operations. Complaint, p. 2, fn. 1; p. 4, fn. 4. Allegations that Defendant AFG closed "billions" in loans prior to the pandemic uncertainty, does not equate to financial stability (i.e., providing billions in loans, does not mean that AFG is making "billions").

Importantly, it cannot be false that as of April 2020 – ***during an unprecedented nationwide COVID pandemic shutdown*** – that Defendants did not face "current economic uncertainty." Defendants, along with the entire U.S. population, faced "current economic uncertainty" during an unprecedented period of time. The Complaint fails to specifically state "how" and "why" that would not be true for Defendants.

Based on the above, Relator failed to allege fraud with specificity and cannot meet the heightened standards of Rule 9(b) because Relator has no independent knowledge of Defendants' business operations.

**D. Relator Fails to Sufficiently Allege Scienter**

The Opposition also fails to support the allegation that Defendants "knowingly" violated the FCA. To satisfy that requirement, Relator must plead that Defendants either: (1) had actual knowledge of the information; (2) acted in deliberate ignorance of the truth or falsity of the information; or (3) acted in reckless disregard of the truth or falsity of the information. 31 U.S.C. § 3729(b)(1)(A)(i)-(iii). It is insufficient to merely allege knowledge as to the existence of regulatory requirements. Instead, Relator must allege knowledge as to the false claim itself. *See United States ex rel. Durkin v. County of San Diego*, 300 F. Supp. 3d 1107, 1128-30 (S.D. Cal. 2018).

Here, Relator again merely regurgitates the FCA elements and offers generalized allegations that AFG was "sophisticated" or "knew full well" of the regulation. The Complaint fails to address the fact that the PPP program was an *entirely new loan program* created in response to a worldwide pandemic. Indeed, the CARES Act and PPP loan program was enacted into law on March 27, 2020, and the PandemicOversight.gov records show that AFG's PPP loan was approved on April 7, 2020.

Defendants truthfully disclosed on the application to the SBA and Origin Bank that AFG was a mortgage lender using the "NAICS code 522292, which is for lending funds with real estate as collateral." Complaint ¶ 3. Nowhere in the Complaint does Relator allege facts to show that Defendants knowingly provided false information on AFG's PPP loan application under these circumstances. Importantly, it cannot be false

that as of April 2020 – ***during an unprecedented nationwide COVID pandemic shutdown*** – that Defendants did not face "current economic uncertainty."

**E. <u>Relator Fails to State a Claim Against Hodges</u>**

The Opposition fails to cure the defects in the Complaint, which is devoid of any facts relating to Defendant Hodges individually that would plausibly support a cause of action under the FCA. The Complaint merely identifies Hodges as AFG's CEO and in conclusory fashion alleges that Hodges is a "seasoned and cunning businessman, well versed in the laws regulating his industry." Complaint ¶¶ 18, 49. Other than those two instances, the Complaint contains no specific allegations as to Defendant Hodges.

Naked recitals to the FCA cause of action elements, laden with conclusory statements, are insufficient to meet the heightened Rule 9(b) requirement to state a fraud claim against Hodges in his individual capacity. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *United States v. Villaspring Health Care Ctr., Inc.*, 3:11-CV-43, 2011 WL 6337455, at *9 (E.D. Ky. Dec. 19, 2011) (holding that complaint "has not alleged any facts to support allegations that [individual defendant] caused the claims in question to be submitted as required by the FCA" and noting how the complaint "barely mentions [defendant] by name."). For these reasons, the Complaint should be dismissed with prejudice as to Defendant Hodges.

## III. <u>CONCLUSION</u>

The Opposition fails to provide any new factual allegations to overcome the deficiencies cited in Defendants' Motion. As such, leave to amend should be denied. For the reasons set forth above, the Complaint should be dismissed in its entirety without leave to amend.

DATED: October 23, 2025 **McGLINCHEY STAFFORD**

By: ______________________

THOMAS S. VAN
Attorneys for *Defendants* **ASSURANCE FINANCIAL GROUP, LLC and KENNETH D. HODGES**

# PROOF OF SERVICE

**STATE OF CALIFORNIA )**
**) ss.**
**COUNTY OF ORANGE )**

I, Peter Tran, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2050 Main Street, Suite 550, Irvine, California 92614.

On October 23, 2025, I served the document(s) described as follows: **DEFENDANTS ASSURANCE FINANCIAL GROUP, LLC AND HODGES' REPLY TO OPPOSITION ON MOTION TO DISMISS PLAINTIFF'S COMPLAINT** as follows:

☐ **BY MAIL**: As follows:

☐ **FEDERAL –** I deposited such envelope in the U.S. mail at Irvine, California, with postage thereon fully prepaid.

☐ **BY OVERNIGHT COURIER SERVICE as follows:** I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐ **BY EMAIL SERVICE as follows:** By email or electronic transmission: Based on any agreement between the parties and/or as a courtesy, I sent the document(s) to the person(s) at the email address(es) listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's Electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth in the service list obtained from this Court. Pursuant to Electronic Filing Court Order, I hereby certify that the above documents(s) was uploaded to the website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.

Executed on October 23, 2025, at Irvine, California.

________________________
Peter Tran

**SERVICE LIST**
**USDC, Central District Case No. 2:22-cv-05200-FWS-GJSx**
**UNITED STATES OF AMERICA, et al. v. KENNETH D. HODGES, et al.**
**File # 110447.0003**

| | |
|---|---|
| Jack Ross<br>AUSA – Office of US Attorney<br>300 North Los Angeles Street<br>Suite 7516<br>Los Angeles, CA 90012 | Attorneys for *Plaintiff* **UNITED STATES OF AMERICA**<br><br>Tel: (213) 894-7388<br>Fax: (213) 894-7819<br>Email: Jack.Ross@usdoj.gov |
| Julian Brew<br>Kristen Leigh Nelson<br>Hecht Partners LLP<br>2121 Avenue of the Stars, Suite 800<br>Century City, CA 90067 | Attorneys for *Plaintiff* **RELATOR LLC**<br><br>Tel.: 310-804-8065<br>Fax:<br>Email: jbrew@hechtpartners.com<br>knelson@hechtpartners.com |