**McGLINCHEY STAFFORD**
Sanford Shatz (SBN 127229)
Thomas S. Van (SBN 209632)
2050 Main Street, Suite 550
Irvine, California 92614
Telephone: (949) 381-5900
Facsimile: (949) 271-4040
Email: tvan@mcglinchey.com
sshatz @mcglinchey.com

Attorneys for *Defendants* **Assurance Financial Group, LLC and Kenneth D. Hodges**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>*Ex rel*. RELATOR LLC, a California Limited Liability Company<br><br>Realtor,<br><br>v.<br><br>KENNETH D. HODGES, an individual; ASSURANCE FINANCIAL GROUP, LLC, a Louisiana Limited Liability Company; and DOES 1-10,<br><br>Defendants. | Case No.: 2:22-cv-05200-FWS-DSRx<br><br>Hon. Fred W. Slaughter<br><br>**DEFENDANTS ASSURANCE FINANCIAL GROUP, LLC AND HODGES NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Hearing**:<br>Date: January 29, 2026<br>Time: 10:00 a.m.<br>Crtrm.: 10D<br><br>*[Filed Concurrently with Declaration of Thomas S. Van; and (Proposed) Order]* |

**TO ALL INTERESTED PARTIES**:

**PLEASE TAKE NOTICE** that, on January 29, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard before the above-entitled court, *defendants* Assurance Financial Group, LLC ("AFG") and Kenneth D. Hodges ("Hodges") (collectively "Defendants") will, and hereby does, move the Court for an award of attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d)(4) and Federal Rules of Civil Procedure, Rule 54(d) ("Motion").

This Motion is based on the attached Memorandum, the Declaration of Thomas S. Van, the pleadings and papers on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

Dated: December 10, 2025

**McGLINCHEY STAFFORD**

By: *_/s/ Thomas S. Van_*
THOMAS S. VAN
Attorneys for *Defendant* **ASSURANCE FINANCIAL GROUP, LLC and KENNETH D. HODGES**

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Assurance Financial Group, LLC ("AFG") and Kenneth D. Hodges ("Hodges") (collectively "Defendants") hereby submit the following Memorandum of Points and Authorities in Support of their Motion for Attorney Fees and Costs ("Motion") against Plaintiff Relator, Relator LLC ("Relator").

## I. INTRODUCTION

Relator is an entity created solely for the purpose of filing lawsuits alleging violations of the False Claims Act, 31 U.S.C. § 3729 ("FCA"), in connection with COVID-19 relief programs, including other lawsuits premised on alleged noncompliance with the Paycheck Protection Program ("PPP") administered by the U.S. Small Business Administration ("SBA").

In August 2024, a United State District Court for the Eastern District of California chastised Relator for bringing a similar lawsuit, against a defendant in the exact same position as Defendants, based on publicly available information and the case was later ***voluntarily dismissed by Relator*** with full consent of the United States. *See*, *United States ex rel. Relator, LLC v. Kootstra* ("*Kootstra*"), No. 1:22-CV-00924-TLN-CDB, 2024 WL 3666470, at *5 (E.D. Cal. Aug. 6, 2024) (finding that "**Relator's Complaint appears to be at odds with the purpose of qui tam actions**." (Emphasis added)).

Defendants herein stand in the exact same circumstances as the defendants in *Kootstra*. Here, Relator alleges that Defendants violated the FCA because Defendants applied for and received a PPP loan when Defendants allegedly knew that "lenders" were ineligible from obtaining a PPP loan. Complaint ¶ 1.

Based on the similar facts, ruling, and eventual voluntary dismissal in the *Kootstra* case, this instant action was objectively frivolous, vexatious, or filed for the purpose of harassment. Indeed, as with *Kootstra*, this Court held that all of the material information upon which Relator relies in alleging violations of the FCA is publicly available from the PandemicOversight.gov database, an official website maintained by the United States government that is available to everyone. Relator is also not an

original source and also has no independent knowledge of the information alleged in the Complaint outside of what is publicly available.]

Having knowledge of the ruling in *Kootstra* and alleging the same exact facts in this matter, this action against Defendants was objectively frivolous, vexatious, or brought primarily for purposes of harassment. For these reasons, the Motion should be granted and Defendants should be awarded its fees and costs after prevailing in this action.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that Defendants applied for and received a PPP loan in the amount of $3,603,800.00 ("PPP Loan") when it was allegedly ineligible from obtaining a PPP loan, used the PPP Loan for "payroll and mortgage costs," and received loan forgiveness for the entire amount. Complaint ¶ 1. Plaintiff alleges that AFG is a money lender, a business type that Plaintiff argues was ineligible for SBA Loans under the PPP loan program. Complaint ¶ 2-3, 21-23.

Information on the PPP Loan obtained by Defendants is shown on a publicly available federal report at PandemicOversight.gov, an official website and database maintained by the United States government that is ***available to everyone***. *See*, ECF No. 48 Defendants' Request for Judicial Notice ("RJN") on its Motion to Dismiss ("MTD"); ECF Nos. 47 to 47-6, Declaration of Thomas S. Van on MTD ("Van Decl."), ¶¶ 3-6, Exhibits 1-3.) Specifically, the database contains complete information on Defendant AFG's PPP Loan, along with thousands of other borrowers' information. Specifically, the material facts in the Complaint are substantially similar to the public information available in the PandemicOversight.gov database. Additionally, Plaintiff's allegations about AFG are based entirely upon AFG's public website. Plaintiff even admits that the information about AFG's "economic necessity" for the PPP Loan comes from "[p]ublic information" derived from AFG's website. Complaint, ¶ 7, footnote 4. Moreover, Relator, LLC was incorporated in May 31, 2022. *See*, ECF Nos. 47-5, Van Decl. on MTD, ¶ 7, Exhibit 5. It was impossible for Relator to have any "original

source" information about AFG or the PPP Loan as Plaintiff did not even exist in 2020.

Plaintiff filed this action Under Seal against Defendants on July 27, 2022. *See*, ECF No. 1. On April 22, 2025, the United States filed a Notice of Election to Decline Intervention and Request to Unseal the Case, and the case was unsealed by Order of the Court. ECF Nos. 36-37. On July 8, 2025, Relator filed a Request for Clerk to Issue Summons on the unsealed Complaint. ECF No. 39. On July 7, 2025, Relator served Defendants and filed a Proof of Service for Defendants. ECF No. 42.

The *Kootstra* case was decided on August 6, 2024, almost a full year ***before*** Relator served Defendants with the Complaint. In July of 2025, Relator knew about the similar facts of the *Kootstra* case (as they were the plaintiff), knew of the rationale and ruling dismissing the *Kootstra* case, and yet decided to press on with this action even after the United States declined to prosecute the case in April of 2025.

## III. LEGAL STANDARD

31 U.S.C. § 3730(d)(4) of the FCA states that where the Government declines to intervene in an FCA action and the named relators proceed with the litigation, "the court may award to the defendant its reasonable attorneys' fees and expenses" if (1) "the defendant prevails in the action"; and (2) "the court finds that the claim[s] of the person bringing the action w[ere] clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." "Any one of these three conditions is sufficient for an award of attorneys' fees. *Mikes v. Straus*, 274 F.3d 687, 704–05 (2d Cir. 2001), *abrogated by Universal Health Servs., Inc. v. United States*, 579 U.S. 176 (2016).

"An action is 'clearly frivolous' when 'the result is obvious or the [plaintiff]'s arguments ... are wholly without merit.'" *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1006 (9th Cir. 2002) (citations omitted). Courts may award attorney fees under § 3730(d)(4) where a "claim is frivolous when, viewed objectively, it may be said to have no reasonable chance of success, and present no valid argument to modify present law." *Mikes*, 274 F.3d at 705.

"An action is 'clearly vexatious' or 'brought primarily for purposes of

harassment' when the plaintiff pursues the litigation with an improper purpose, such as to annoy or embarrass the defendant." *Pfingston*, 284 F.3d at 1006 (citing *Patton v. County of Kings*, 857 F.2d 1379, 1381 (9th Cir.1988)).

## IV. LEGAL ARGUMENT

### A. Defendants Are the Prevailing Party and Motion for Fees is Timely.

On July 7, 2025, Relator served Defendants with the Summons and Complaint. ECF 42. By both a Waiver and Stipulated Order, Defendants time to respond to the Complaint was extended. ECF No. 45.

On September 29, 2025, Defendants filed their Motion to Dismiss, supporting Declaration and Request for Judicial Notice. ECF Nos. 46-49. Relator filed an Opposition on October 15, 2025 and Defendants filed their Reply on October 23, 2025. ECF Nos. 51, 53. On November 7, 2025, the Court issued an Order Granting Defendants Motion to Dismiss and permitting leave to amend. ECF No. 57.

On November 24, 2025, Relator filed a Notice of Intent to Not Amend Complaint and Request to Enter Final Judgement. ECF No. 60. On November 26, 2025, the Court issued an Order Dismissing the Case without leave to amend, which is the final judgment in the case.

Plaintiff is therefore the prevailing party in this action and brings this timely Motion under 31 U.S.C. § 3730(d)(4) and Federal Rules of Civil Procedure, Rule 54 (d).

### B. Relator's Complaint Is Objectively Frivolous In Light of *Kootstra* Facts, Ruling, and Voluntary Dismissal.

A "claim is frivolous when, viewed objectively, it may be said to have no reasonable chance of success, and present no valid argument to modify present law." *Mikes*, 274 F.3d at 705. In the recent *Kootstra* case, the Court granted the Motion to Dismiss by a similarly situated defendant in the mortgage lending industry, against Relator, based on the public disclosure bar. The *Kootstra* Court found that information in the Complaint was disclosed on a public website, that Relator's action was

substantially the same as the publicly disclosed information, and that Relator is not an original source of the information in the Complaint.

> The Court agrees with Defendants that the website is a federal report. In *Schindler Elevator Corp. v. United States ex rel. Kirk*, the Supreme Court explained the "ordinary meaning" of "report is something that gives information or a notification, or an official or formal statement of facts or proceedings." 563 U.S. 401, 407 (2011) (internal citation, quotation marks, and alterations omitted). The Court reasoned that "[t]his broad ordinary meaning of 'report' is consistent with the generally broad scope of the FCA's public disclosure bar." *Id.*
>
> In the instant case, PandemicOversight.gov clearly gives information. The website is titled "PPP Borrower Search." (ECF No. 33-2 at 11.) The website provides information about PPP borrowers such as the borrower's name, location, business type, industry, business age, lender, date the PPP loan was approved, loan amount, spending category, amount forgiven, number of loans, and jobs reported. (*Id.*) Considering *Schindler*'s broad definition of "report" and absent any argument to the contrary from Relator, the Court concludes the website constitutes a "federal report" within the meaning of the public disclosure bar.
>
> …
>
> The thrust of Relator's Complaint is that Defendants applied for and obtained a PPP loan despite knowing they were ineligible to do so as a mortgage lender. Defendants' status as a mortgage lender and the fact that they obtained a PPP loan was publicly disclosed. Not only does Relator allege Defendants reported being a mortgage lender on the PPP application, but that information is also reflected on PandemicOversight.gov. (*See* ECF No. 1 at 5–6 (alleging GEM used NAICS Code 522292 on its PPP loan application, signifying it was a lending company that used real estate as collateral); *see also* ECF No. 33-2 (indicating GEM is a mortgage company in the real estate credit industry).) In other words, the material elements of the alleged fraud — that Defendants applied for a PPP loan despite being a mortgage lender — were publicly disclosed. From that information, "readers or listeners may infer ... the conclusion that fraud has been committed" — namely, that Defendants falsely and/or fraudulently applied for a PPP loan despite being ineligible to do so.

*Kootstra*, 2024 WL 3666470, at *4. As a result, Courts have already found that Relator's action is "substantially similar" to the transactions that have already been publicly disclosed on PandemicOversight.gov with respect to a "lender" defendant, and barred under the public disclosure bar.

In this instant matter, the Court granted Defendant's MTD for exactly the same reasons based on the same set of facts and issues: namely that Relator simply

regurgitated publicly available facts on PandemicOversight.gov and the public disclosure bar applied to dismiss the Complaint. *See* ECF No. 57.

Since both moving Defendants and the defendants in the *Kootstra* case are similarly situated "lender" defendants, and the complaints were nominally the same, it is objectively frivolous to continue this action against Defendants, when Relator knew about the *Kootstra* outcome and voluntarily dismissed that case a year prior. Accordingly, the Motion should be granted and Defendants should be awarded its fees and costs after prevailing in this action.

### C. Relator's Complaint Is Vexatious and Brought for Purposes of Harassment.

"An action is 'clearly vexatious' or 'brought primarily for purposes of harassment' when the plaintiff pursues the litigation with an improper purpose, such as to annoy or embarrass the defendant." *Pfingston*, 284 F.3d at 1006.

The *Kootstra* case was decided on August 6, 2024, almost a full year before Relator served Defendants with the Complaint. In July of 2025, Relator knew about the similar facts of the *Kootstra* case, knew of the rationale and ruling dismissing the *Kootstra* case, and yet decided to press on with this action even after the United States declined to prosecute the case in April of 2025. Relator could have dismissed this action in July of 2025 as it knew about the eventual outcome based on the *Kootstra* facts, ruling, and voluntary dismissal. It was clearly vexatious to continue to prosecute this action, when the United States declined to intervene, and brought for the purpose of harassment. Accordingly, the Motion should be granted and Defendants should be awarded its fees and costs after prevailing in this action.

## V. CONCLUSION

The *Kootstra* Court found that "Relator's Complaint appears to be at odds with the purpose of qui tam actions" in dismissing the Complaint. *Kootstra*, 2024 WL 3666470, at *5. Courts in California have recognized that FCA lawsuits brought by third-party outsiders, like Relator, which have no independent information to

contribute, pose a serious potential for abuse.

> *[Q]ui tam* actions . . . present the danger of parasitic exploitation of the public coffers by opportunistic plaintiffs who have no significant information to contribute of their own. Providing cash bounties to freeloaders does not serve the purpose of the FCA to protect the public fisc.

*State of California v. Pac. Bell Tel. Co.*, 142 Cal. App. 4th 741, 746–47, *as modified* (2006)(internal quotation marks and citation omitted). This is precisely the type of parasitic lawsuit that the public disclosure bar is intended to prohibit. This action was not the first time that Relator brought the exact same FCA claims against a "lender" defendant. The allowance of attorney fees to prevailing Defendants is the only remedy to deter Relator from filing future frivolous, vexatious, or harassing complaints against other similarly situated defendants.

For the reasons set forth herein, the Motion should be granted and Defendants should be awarded its fees and costs after prevailing in this action.

DATED: December 10, 2025 **McGLINCHEY STAFFORD**

By: */s/ Thomas S. Van*
THOMAS S. VAN

Attorneys for *Defendants* **ASSURANCE FINANCIAL GROUP, LLC and KENNETH D. HODGES**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA ) ) ss.**
**COUNTY OF ORANGE )**

I, Peter Tran, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2050 Main Street, Suite 550, Irvine, California 92614.

On December 10, 2025, I served the document(s) described as follows: **DEFENDANTS ASSURANCE FINANCIAL GROUP, LLC AND HODGES NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES** as follows:

☐ **BY MAIL**: As follows:

☐ **FEDERAL –** I deposited such envelope in the U.S. mail at Irvine, California, with postage thereon fully prepaid.

☐ **BY OVERNIGHT COURIER SERVICE as follows:** I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐ **BY EMAIL SERVICE as follows:** By email or electronic transmission: Based on any agreement between the parties and/or as a courtesy, I sent the document(s) to the person(s) at the email address(es) listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's Electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth in the service list obtained from this Court. Pursuant to Electronic Filing Court Order, I hereby certify that the above documents(s) was uploaded to the website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.

Executed on December 10, 2025, at Irvine, California.

Peter Tran

**SERVICE LIST**
**USDC, Central District Case No. 2:22-cv-05200-FWS-GJSx**
**UNITED STATES OF AMERICA, et al. v. KENNETH D. HODGES, et al.**
**File # 110447.0003**

| | |
|---|---|
| Jack Ross<br>AUSA – Office of US Attorney<br>300 North Los Angeles Street<br>Suite 7516<br>Los Angeles, CA 90012 | Attorneys for *Plaintiff* **UNITED STATES OF AMERICA**<br><br>Tel: (213) 894-7388<br>Fax: (213) 894-7819<br>Email: Jack.Ross@usdoj.gov |
| Kristen Leigh Nelson<br>Hecht Partners LLP<br>2121 Avenue of the Stars, Suite 800<br>Century City, CA 90067 | Attorneys for *Plaintiff* **RELATOR LLC**<br><br>Tel.: 310-804-8065<br>Fax:<br>Email: knelson@hechtpartners.com |
| Charles F. Dender (pro hac vice)<br>DiCello Levitt LLP<br>485 Lexington Avenue, 10th Floor<br>New York, NY 10017 | Attorneys for *Plaintiff* **RELATOR LLC**<br><br>Tel.: (646) 933-1000<br>Fax:<br>Email: cdender@dicellolevitt.com |