Charles F. Dender (admitted *pro hac vice*)
Madeline R. Harding (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
cdender@dicellolevitt.com
mharding@dicellolevitt.com

Kristen L. Nelson (SBN 269318)
**HECHT PARTNERS LLP**
2121 Avenue of the Stars, Suite 800
Century City, CA 90067
Tel.: (646) 502-9515
knelson@hechtpartners.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel*. RELATOR LLC<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH D. HODGES, an individual, ASSURANCE FINANCIAL GROUP, LLC, a Louisiana limited liability company, and DOES 1-10,<br><br>Defendants. | Case No. 2:22-cv-05200-FWS-DSR<br><br>Relator LLC's Memorandum of Points and Authorities in Opposition to Defendants' Motion for Attorneys' Fees and Costs<br><br>Date: January 29, 2026<br>Time: 10:00 a.m.<br><br>Judge: Hon. Fred W. Slaughter<br><br>Action Filed: July 27, 2022<br>Trial Date: Not Set. |

# TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. FACTUAL AND PROCEDURAL BACKGROUND ........ 1

III. LEGAL STANDARD ........ 2

IV. ARGUMENT ........ 3

A. Plaintiff's Complaint is Not Clearly Frivolous ........ 3

B. Plaintiff's Complaint is Not Clearly Vexatious and was Not Brought for Purposes of Harassment ........ 5

C. In the Alternative, the Court Should Hold Defendants' Motion in Abeyance Pending the Outcome of Plaintiff's Appeal ........ 6

V. CONCLUSION ........ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barnes v. Clark Cnty.*,
No. 21-15137, 2022 WL 73052 (9th Cir. Jan. 7, 2022) (unpublished) .......... 3

*California v. Rish Invs., Inc.*,
No. 24-cv-3276, 2024 WL 5317165 (C.D. Cal. Oct. 24, 2024) .......... 6

*Camreta v. Greene*,
563 U.S. 692 (2011) .......... 4

*U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
637 F.3d 1047 (9th Cir. 2011) .......... 3

*Jones v. Cnty. of Tulare, California*,
No. 17-cv-1260, 2024 WL 3673150 (E.D. Cal. Aug. 5, 2024) .......... 6, 7

*Karam v. City of Burbank*,
352 F.3d 1188 (9th Cir. 2003) .......... 3

*U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
637 F.3d 1047, 1062 (9th Cir. 2011) .......... 3

*United States ex rel. Kiro v. Jiaherb, Inc.*,
No. 14-cv-2484, 2019 WL 6971057 (C.D. Cal. Nov. 1, 2019) .......... 5

*United States ex rel. Kiro v. Jiaherb, Inc.*,
No. 14-cv-2484, 2019 WL 2869186 (C.D. Cal. July 3, 2019) .......... 6

*United States ex rel. Lewis v. Honolulu Cmty. Action Program, Inc.*,
No. 16-cv-00062, 2020 WL 870674 (D. Haw. Feb. 5, 2020), *report and recommendation adopted*, No. 16-cv-00062, 2020 WL 869968 (D. Haw. Feb. 21, 2020) .......... 5

*Masalosalo by Masalosalo v. Stonewall Ins. Co.*,
718 F.2d 955 (9th Cir. 1983) .......... 6

*United States ex rel. Ormsby v. Sutter Health*,
444 F. Supp. 3d 1010 (N.D. Cal. 2020) .......... 6

*Pfingston v. Ronan Eng'g Co.*,
284 F.3d 999 (9th Cir. 2002) .......... 1, 2, 3, 5

*United States ex rel. Relator LLC v. David Uhler et al.*,
2:23-cv-0499 (C.D. Cal. Oct. 6, 2025) .......... 4

*United States ex rel. Relator LLC v. iLink Emps. Co.*,
No. 5:22-cv-01004, 2024 WL 3892980 (C.D. Cal. July 11, 2024) .......... 4

*United States of America ex rel. Relator LLC v. Tennyson et al.*,
2:23-cv-05887, ECF No. 75 (C.D. Cal. Sept. 29, 2025) .......... 4

*United States ex rel. Relator, LLC v. Kootstra*,
No. 1:22-cv-00924, 2024 WL 3666470 (E.D. Cal. Aug. 6, 2024) .......... 3, 4, 5

**Statutes**

31 U.S.C. § 3730(c)(3) .......... 6

31 U.S.C. § 3730(d)(4) .......... 2

42 U.S.C. § 1988 .......... 2

**Other Authorities**

18 J. Moore et al., Moore's Federal Practice § 134.02(1)(d) (3d ed. 2011) .......... 4

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff-Relator, Relator LLC ("Plaintiff"), respectfully submits this Memorandum of Points and Authorities in opposition to Kenneth Hodges and Assurance Financial Group, LLC's ("AFG") Motion for Attorneys' Fees and Costs ("Defendants' Motion" or "Defs.' Mot.").

## I. INTRODUCTION

Attorneys' fees under the False Claims Act ("FCA") should only be awarded in "rare and special circumstances." *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1006–07 (9th Cir. 2002). Yet Defendants' Motion is devoid of any evidence or reasoning that even ***suggests*** this Action constitutes a rare and special circumstance. Instead, Defendants' Motion is based entirely around the fact that in 2024, a district court in the Eastern District of California dismissed a complaint that alleged similar facts as the Complaint in this Action. Defendants' Motion essentially asks this Court to hold that a district court decision is binding precedent on other district courts. The Court should decline this request to flout well-established legal precedent, and so should deny Defendants' Motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This is an FCA action to recover treble damages and civil penalties against Defendants, who defrauded the Small Business Administration ("SBA") in connection with AFG's application for and receipt of $3,603,800 in COVID-19 pandemic-related Paycheck Protection Program ("PPP") funding (the "First Draw Loan") in 2020.

AFG applied for a PPP First Draw Loan in round 1 of the PPP, in 2020. (ECF No. 1, ¶ 23.) Hodges submitted the First Draw Loan application, or caused that application to be submitted, despite knowing that AFG was ineligible to participate in the PPP because AFG was a mortgage lender which directly provides home loans to people across the country. (*Id.* ¶¶ 22; 1–4.) Defendants also knew that AFG did

not meet the economic-necessity standard for obtaining the PPP First Draw loan. (*Id.* ¶ 7.)

AFG's PPP First Draw Loan was approved by the SBA on July 7, 2020, and AFG received the funding shortly thereafter. (*Id.* ¶ 23.) Later, Hodges knowingly submitted—or caused to be submitted—the PPP First Draw Loan forgiveness application. That application was fraudulent because AFG was never eligible to receive the PPP First Draw Loan in the first place. (*Id.* ¶¶ 55–57.)

Plaintiff filed its Complaint under seal on July 27, 2022. (ECF No. 1.) After the United States declined to intervene (ECF No. 36), the Court ordered the case unsealed on April 22, 2025. (ECF No. 37.) Defendants filed their Motion to Dismiss on September 29, 2025 (ECF No. 46), which the Court granted on November 7, 2025, with leave to amend. (ECF No. 57.) Plaintiff notified the Court that it did not intend to file an Amended Complaint and requested that the Court enter a final judgment of dismissal. (ECF No. 60.) The Court dismissed the Complaint without leave to amend on November 26, 2025. (ECF No. 63.) Plaintiff then timely filed a Notice of Appeal to the Ninth Circuit on December 16, 2025. (ECF No. 66.)

## III. LEGAL STANDARD

"The award of fees under the False Claims Act is reserved for rare and special circumstances." *Pfingston*, 284 F.3d at 1006–07. The FCA only allows a defendant to recover attorneys' fees and expenses in an action in which the Government did not intervene if (1) "the defendant prevails in the action" and (2) "the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4).[1] The Ninth Circuit has "stress[ed] that the district court must make detailed findings in

[1] Additionally, the Ninth Circuit and district courts within the Ninth Circuit often look to 42 U.S.C. § 1988 cases when determining whether to award attorneys' fees under the FCA. *See Pfingston*, 284 F.3d at 1006 ("[Section] 1988 cases are instructive in deciding whether fees are appropriate under the False Claims Act.").

support of any award" of attorneys' fees. *Pfingston*, 284 F.3d at 1006. The decision whether to award attorneys' fees is within the district court's discretion. *See U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1062 (9th Cir. 2011).

## IV. ARGUMENT

Plaintiff does not contest that Defendants are currently the prevailing party in this Action. However, Defendants entirely fail to demonstrate that Plaintiffs Complaint was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

In the alternative, Plaintiff requests that the Court hold Defendants' Motion in abeyance pending the outcome of Plaintiff's appeal to conserve judicial resources.

### A. Plaintiff's Complaint is Not Clearly Frivolous

An action is only "clearly frivolous" when "the result is obvious or the [plaintiff]'s arguments . . . are wholly without merit." *Pfingston*, 284 F.3d at 1006. When determining whether an action was frivolous, "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Barnes v. Clark Cnty.*, No. 21-15137, 2022 WL 73052, at *3 (9th Cir. Jan. 7, 2022) (unpublished). If the "circumstances furnish some basis . . . for one to theorize" that a complaint's claims have merit, the complaint is not frivolous—even if that basis is "somewhat tenuous." *Karam v. City of Burbank*, 352 F.3d 1188, 1196 (9th Cir. 2003).

Defendants' only argument in support of their contention that the Complaint is clearly frivolous is that in 2024, a district court in the Eastern District of California dismissed an FCA action also filed by Plaintiff that alleged similar facts as the Complaint in this Action. (*See* Defs.' Mot. at 4–6 (citing *United States ex rel. Relator, LLC v. Kootstra*, No. 1:22-cv-00924, 2024 WL 3666470, at *5 (E.D. Cal. Aug. 6, 2024) (the "*Kootstra*" case).) Defendants argue that because Plaintiff "knew

about the *Kootstra* outcome and voluntarily dismissed that case a year prior" to litigating Defendants' Motion to Dismiss in this Action, "it is objectively frivolous to continue this action." (*Id.* at 6.) Defendants appear to argue that a district court decision (from another district, no less) is controlling or binding precedent on other district courts. But it is well settled that "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02(1)(d), p. 134–26 (3d ed. 2011)). This Court was therefore in no way obligated to come to the same conclusion as the *Kootstra* court, and Plaintiff's decision to litigate this Action was not "clearly frivolous."

Indeed, when ruling on motions to dismiss other FCA actions filed by Plaintiff, other district courts have held that the public disclosure bar does ***not*** apply to information disclosed on PandemicOversight.gov and similar sources. *See, e.g.*, *United States of America ex rel. Relator LLC v. Tennyson et al.*, 2:23-cv-05887, ECF No. 75 at 12 (C.D. Cal. Sept. 29, 2025) ("[T]he loan details on PandemicOversight.gov do not reveal facts from which a fraudulent transaction can be inferred."); *United States ex rel. Relator LLC v. David Uhler et al.*, 2:23-cv-0499, ECF No. 57 at 9 (C.D. Cal. Oct. 6, 2025) ("[Defendant] has not demonstrated that the public disclosures of PPP loan data by the SBA and ProPublica revealed any *misrepresented* state of facts such as to constitute an inference of the alleged . . . fraud that is the basis of Relator's claim."); *United States ex rel. Relator LLC v. iLink Emps. Co.*, No. 5:22-cv-01004, 2024 WL 3892980, at *5 (C.D. Cal. July 11, 2024) ("[PandemicOversight.gov's] disclosures are 'so innocuous' that there can be no disclosure of a fraudulent transaction in the first instance."). This underscores that the outcome in this litigation was hardly "obvious" and that Plaintiff's claims and arguments are certainly not "wholly without merit."

Defendants have not provided any explanation of why the result in this Action was obvious other than referring to the outcome in the *Kootstra* case. Because Defendants have not identified any controlling, binding precedent that actually dictates the outcome of this Action, they have failed to demonstrate that Plaintiff's Complaint is "clearly frivolous."

**B. Plaintiff's Complaint is Not Clearly Vexatious and was Not Brought for Purposes of Harassment**

An action is only clearly vexatious or brought for purposes of harassment "when the plaintiff pursues the litigation with an improper purpose, such as to annoy or embarrass the defendant." *Pfingston*, 284 F.3d at 1006. Again, all Defendants have done to support their contention that Plaintiff pursued this litigation with an improper purpose is point to the outcome of *Kootstra* case. (Defs.' Mot. at 6.) But Defendants have not pointed to any specific evidence that demonstrates, or even suggests, that Plaintiff filed this Complaint for an improper purpose. *See United States ex rel. Lewis v. Honolulu Cmty. Action Program, Inc.*, No. 16-cv-00062, 2020 WL 870674, at *3 (D. Haw. Feb. 5, 2020), *report and recommendation adopted*, No. 16-cv-00062, 2020 WL 869968 (D. Haw. Feb. 21, 2020) ("Defendants have shown no evidence that Relator filed this action for an improper purpose or primarily to harass."). Defendants simply do not like the fact that Plaintiff seeks to hold them accountable for their fraud. But that alone is wholly insufficient to "prove that Relator's Action was brought *primarily* with an improper purpose in mind." *United States ex rel. Kiro v. Jiaherb, Inc.*, No. 14-cv-2484, 2019 WL 6971057, at *3 (C.D. Cal. Nov. 1, 2019).

Defendants also wrongly argue that "[i]t was clearly vexatious to continue to prosecute this action, when the United States declined to intervene." (Defs.' Mot. at 6.) This argument turns the text of the FCA on its head. The FCA expressly permits *qui tam* relators to continue with an action even if the United States declines to

intervene. *See* 31 U.S.C. § 3730(c)(3) ("If the Government elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action."). It therefore cannot be vexatious or harassing for a *qui tam* relator to continue with an action simply because the United States declined to intervene. Moreover, "[t]he government's failure to intervene on any or all claims does not mean that the claims lack merit (or that the government thinks that they do)." *United States ex rel. Ormsby v. Sutter Health*, 444 F. Supp. 3d 1010, 1077 (N.D. Cal. 2020). "Also, for resource reasons, the government cannot pursue every meritorious claim." *Id.*; *see also United States ex rel. Kiro v. Jiaherb, Inc.*, No. 14-cv-2484, 2019 WL 2869186, at *2 (C.D. Cal. July 3, 2019) (granting motion in limine to exclude evidence of government's decision not to intervene as "irrelevant and highly prejudicial").

### C. In the Alternative, the Court Should Hold Defendants' Motion in Abeyance Pending the Outcome of Plaintiff's Appeal

In the alternative, if the Court does not see it fit to deny Defendants' Motion outright, Plaintiff requests that the Court hold the Motion in abeyance pending the outcome of Plaintiff's appeal to the Ninth Circuit. Plaintiff recognizes that this Court has jurisdiction to award Defendants attorneys' fees even though Plaintiff has filed a Notice of Appeal, *see Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983), and that some district courts in the Ninth Circuit find it more efficient to decide an attorneys' fees motion before the appeal is resolved. *See e.g.*, *California v. Rish Invs., Inc.*, No. 24-cv-3276, 2024 WL 5317165, at *2 (C.D. Cal. Oct. 24, 2024). However, others have recognized that it is "most prudent to defer ruling on the requests for costs and attorney's fees until Plaintiffs' appeal is resolved." *Jones v. Cnty. of Tulare, California*, No. 17-cv-1260, 2024 WL 3673150, at *2 (E.D. Cal. Aug. 5, 2024). This is because the "outcome of the appeal could affect the Court's determination of whether the action was 'frivolous,'" and so

deciding whether to award attorneys' fees before the resolution of the appeal "would not only be premature, but it would also waste judicial resources." *Id.*

If the Ninth Circuit rules in Plaintiff's favor on appeal, Defendants will no longer be the prevailing party, and so will no longer be entitled to attorneys' fees. Holding Defendants' Motion in abeyance will therefore conserve judicial resources by potentially eliminating this Court's need to rule on this Motion at all. Additionally, a ruling from the Ninth Circuit will affect the Court's evaluation of whether Plaintiff's Complaint is "clearly frivolous." Plaintiff therefore respectfully requests that the Court hold Defendants' Motion in abeyance pending the resolution of Plaintiff's appeal if the Court does not deny Defendants' Motion outright.

## V. CONCLUSION

For the reasons discussed above, Plaintiff respectfully requests that the Court deny Defendants' Motion to for Attorneys' Fees and Costs, or in the alternative, hold the Motion in abeyance pending the outcome of Plaintiff's appeal to the Ninth Circuit.

DATED: January 8, 2026

*s/ Charles F. Dender*

Charles F. Dender (admitted *pro hac vice*)
Madeline R. Harding (admitted *pro hac vice*)
**DICELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
cdender@dicellolevitt.com
mharding@dicellolevitt.com

Kristen L. Nelson (SBN 269318)
**HECHT PARTNERS LLP**
2121 Avenue of the Stars, Suite 800
Century City, CA 90067
Tel.: (646) 502-9515
knelson@hechtpartners.com

*Attorneys for Plaintiff Relator LLC*

**L.R. 11-6.2. Certificate of Compliance**

The undersigned, counsel of record for Relator LLC, certifies that this brief contains 2,152 words, which complies with the word limit of L.R. 11-6.1.

DATED: January 8, 2026

*s/ Charles F. Dender*

Charles F. Dender (admitted *pro hac vice*)
Madeline R. Harding (admitted *pro hac vice*)
**DICELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
cdender@dicellolevitt.com
mharding@dicellolevitt.com

Kristen L. Nelson (SBN 269318)
**HECHT PARTNERS LLP**
2121 Avenue of the Stars, Suite 800
Century City, CA 90067
Tel.: (646) 502-9515
knelson@hechtpartners.com

*Attorneys for Plaintiff Relator LLC*