**McGLINCHEY STAFFORD**
Thomas S. Van (SBN 209632)
2050 Main Street, Suite 550
Irvine, California 92614
Telephone: (949) 381-5900
Facsimile: (949) 271-4040
Email: tvan@mcglinchey.com

Attorneys for *Defendants* **Assurance Financial Group, LLC and Kenneth D. Hodges**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

*Ex rel*. RELATOR LLC, a California Limited Liability Company

Realtor,

v.

KENNETH D. HODGES, an individual; ASSURANCE FINANCIAL GROUP, LLC, a Louisiana Limited Liability Company; and DOES 1-10,

Defendants.

Case No.: 2:22-cv-05200-FWS-DSRx

Hon. Fred W. Slaughter

**DEFENDANTS ASSURANCE FINANCIAL GROUP, LLC AND HODGES REPLY TO OPPOSITION ON MOTION FOR ATTORNEYS' FEES AND COSTS**

**<u>Hearing</u>**:
Date: January 29, 2026
Time: 10:00 a.m.
Crtrm.: 10D

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Assurance Financial Group, LLC ("AFG") and Kenneth D. Hodges ("Hodges") (collectively "Defendants") hereby submit the following Reply to Opposition on Defendants' Motion for Attorney Fees and Costs ("Motion") against Plaintiff Relator, Relator LLC ("Relator").

## I. INTRODUCTION

Relator's Opposition admits that:

(1) Relator knew about the *United States ex rel. Relator, LLC v. Kootstra* ("*Kootstra*") decision, No. 1:22-CV-00924-TLN-CDB, 2024 WL 3666470, at *5 (E.D. Cal. Aug. 6, 2024) (finding that "**Relator's Complaint appears to be at odds with the purpose of qui tam actions**." (Emphasis added));

(2) Relator knew that the *Kootstra* case had exactly the same facts as the case herein; and

(3) Relator is attempting to forum shop its way into a different result by filing numerous other frivolous, vexatious and harassing lawsuits.

This case is indeed the "special circumstance" in which the Court has the opportunity to prevent further abuse of the False Claims Act statute. Relator does not contest that it is an entity, created by two attorneys in California, for the sole purpose of filing lawsuits alleging violations of the False Claims Act, 31 U.S.C. § 3729 ("FCA"), in connection with alleged noncompliance with the Paycheck Protection Program ("PPP") administered by the U.S. Small Business Administration ("SBA"). *See*, ECF 48, 47-5.

For these reasons, the Motion should be granted and Defendants should be awarded its fees and costs after prevailing in this action.

## II. LEGAL ARGUMENT

### A. Relator's Complaint Is Objectively Frivolous.

Relator's Complaint against Defendants were based on exactly the same statute,

the same publicly available information, and same type of mortgage loan company defendant. It is not only that Relator knew about the *Kootstra* case, Relator drafted the allegations using public information, and after having the case dismiss, casually copied and pasted the same allegations against Defendants AFG and Hodges to forum shop their way into a different result.

Relator also filed other cases using the same tactics. In the case of *United States of America ex rel. Relator LLC v. Nations Direct Mortgage, LLC*, Central District of California, Case No. 2:22-cv-04784-SPG-MAA, the Court recently rejected Plaintiff's allegations again and held that the Public Disclosure Bar applied to dismiss that complaint. *See, Relator LLC v. Nations Direct Mortgage, LLC*, Case No. 2:22-cv-04784-SPG-MAA, ECF No. 56 (Filed 01/05/2026) Order Granting Motion to Dismiss Case [ECF No. 47].

In this instant matter, the Court granted Defendant's Motion to Dismiss for exactly the same reasons based on the same set of facts and issues in *Kootstra*: namely that Relator simply regurgitated publicly available facts on PandemicOversight.gov and the public disclosure bar applied to dismiss the Complaint. *See* ECF No. 57.

Since both moving Defendants and the defendants in the *Kootstra* case are similarly situated "lender" defendants, and the complaints are substantially the same, it is objectively frivolous to continue this action against Defendants, when Relator knew about the *Kootstra* outcome and voluntarily dismissed that case a year prior. Accordingly, the Motion should be granted and Defendants should be awarded its fees and costs after prevailing in this action.

### B. <u>Relator's Complaint Is Vexatious and Brought to Harass.</u>

"An action is 'clearly vexatious' or 'brought primarily for purposes of harassment' when the plaintiff pursues the litigation with an improper purpose, such as to annoy or embarrass the defendant." *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1006 (9th Cir. 2002).

Courts in California have recognized that FCA lawsuits brought by third-party outsiders, like Relator, which have no independent information to contribute, pose a serious potential for abuse.

> *[Q]ui tam* actions . . . present the danger of parasitic exploitation of the public coffers by opportunistic plaintiffs who have no significant information to contribute of their own. Providing cash bounties to freeloaders does not serve the purpose of the FCA to protect the public fisc.

*State of California v. Pac. Bell Tel. Co.*, 142 Cal. App. 4th 741, 746–47, *as modified* (2006)(internal quotation marks and citation omitted). The *Kootstra* Court found that "Relator's Complaint appears to be at odds with the purpose of qui tam actions" in dismissing the Complaint. *Kootstra*, 2024 WL 3666470, at *5. This is precisely the type of parasitic lawsuit that the public disclosure bar is intended to prohibit.

The *Kootstra* case was decided on August 6, 2024, almost a full year before Relator served Defendants with the Complaint. Relator could have dismissed this parasitic action in July of 2025 as it knew about the eventual outcome based on the *Kootstra* facts, ruling, and voluntary dismissal. It was clearly vexatious to continue to prosecute this parasitic action, when the United States declined to intervene, and brought for the purpose of harassment or to forum shop. Accordingly, the Motion should be granted and Defendants should be awarded its fees and costs after prevailing in this action.

## III. <u>CONCLUSION</u>

The Court should deny Relator's request to hold this motion in abeyance. The allowance of attorney fees to prevailing Defendants is the only remedy to deter Relator from filing future frivolous, vexatious, or harassing complaints against other similarly situated defendants.

For the reasons set forth herein, the Motion should be granted and Defendants should be awarded its fees and costs after prevailing in this action.

DATED: December 10, 2025

**McGLINCHEY STAFFORD**

By: */s/ Thomas S. Van*
THOMAS S. VAN

Attorneys for *Defendants* **ASSURANCE FINANCIAL GROUP, LLC and KENNETH D. HODGES**

# PROOF OF SERVICE

**STATE OF CALIFORNIA** )
) **ss.**
**COUNTY OF ORANGE** )

I, Peter Tran, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2050 Main Street, Suite 550, Irvine, California 92614.

On January 15, 2026, I served the document(s) described as follows: **DEFENDANTS ASSURANCE FINANCIAL GROUP, LLC AND HODGES REPLY TO OPPOSITION ON MOTION FOR ATTORNEYS' FEES AND COSTS** as follows:

☐ **BY MAIL**: As follows:

☐ **FEDERAL –** I deposited such envelope in the U.S. mail at Irvine, California, with postage thereon fully prepaid.

☐ **BY OVERNIGHT COURIER SERVICE as follows:** I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐ **BY EMAIL SERVICE as follows:** By email or electronic transmission: Based on any agreement between the parties and/or as a courtesy, I sent the document(s) to the person(s) at the email address(es) listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's Electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth in the service list obtained from this Court. Pursuant to Electronic Filing Court Order, I hereby certify that the above documents(s) was uploaded to the website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.

Executed on January 15, 2026, at Irvine, California.

Peter Tran

**SERVICE LIST**
**USDC, Central District Case No. 2:22-cv-05200-FWS-DSRx**
**UNITED STATES OF AMERICA, et al. v. KENNETH D. HODGES, et al.**
**File # 110447.0003**

| | |
|---|---|
| Jack Ross<br>AUSA – Office of US Attorney<br>300 North Los Angeles Street<br>Suite 7516<br>Los Angeles, CA 90012 | Attorneys for *Plaintiff* **UNITED STATES OF AMERICA**<br><br>Tel: (213) 894-7388<br>Fax: (213) 894-7819<br>Email: Jack.Ross@usdoj.gov |
| Kristen Leigh Nelson<br>Hecht Partners LLP<br>2121 Avenue of the Stars, Suite 800<br>Century City, CA 90067 | Attorneys for **RELATOR LLC**<br><br>Tel.: 310-804-8065<br>Fax:<br>Email: knelson@hechtpartners.com |
| Charles F. Dender (pro hac vice)<br>Madeline R. Harding (pending pro hac vice)<br>DiCello Levitt LLP<br>485 Lexington Avenue, 10th Floor<br>New York, NY 10017 | Attorneys for **RELATOR LLC**<br><br>Tel.: (646) 933-1000<br>Fax:<br>Email: cdender@dicellolevitt.com<br>mharding@dicellolevitt.com |