UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-05200-FWS-DSR Date: January 20, 2026
Title: United States of America *et al* v. Kenneth D. Hodges *et al*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES [64]**

Plaintiff-Relator, Relator LLC ("Relator") brings this False Claims Act case against Defendants Kenneth D. Hodges ("Hodges") and Assurance Financial Group ("AFG") alleging that Defendants defrauded the government through AFG's application and receipt of Covid-19 pandemic funding. (See generally Dkt. 1 ("Complaint").) The court granted Defendants' motion to dismiss, finding that Relator's claim fell under the public disclosure bar of the False Claims Act. (Dkt. 57 ("MTD Order").) Relator declined to amend its Complaint and the court entered a final judgment of dismissal. (Dkt. 63.)

Before the court is Defendants' Motion for Attorney Fees. (Dkt. 64 ("Motion" or "Mot.").) Relator opposes the Motion. (Dkt. 69 ("Opposition" or "Opp.").) Defendants filed a reply in support of the Motion. (Dkt. 71 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing currently set for **January 29, 2026,** is **VACATED** and off calendar. Based on the record, as applied to the relevant law, the court **DENIES** the Motion.

"The False Claims Act provides for attorneys' fees to a prevailing defendant when a plaintiff's claims are 'clearly frivolous' or 'brought primarily for purposes of harassment.'" *U.S. ex rel. Haight v. Cath. Healthcare W.*, 2008 WL 607150, at *1 (D. Ariz. Feb. 29, 2008) (quoting 31 U.S.C. § 3730(d)(4)); *see also Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005

(9th Cir. 2002) ("In qui tam cases, a court may award attorneys' fees against the plaintiff if the 'action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.'"). "The award of fees under the False Claims Act is reserved for rare and special circumstances." *Pfingston*, 284 F.3d at 1006–07.

The court, in its order dismissing Relator's Complaint, relied on *United States ex rel. Relator, LLC v. Kootstra*, 2024 WL 3666470 (E.D. Cal. Aug. 6, 2024), in which Relator made similar allegations as they did in this case. (*See generally* Dkt. 57.) In *Kootstra*, the court found that Relator's complaint "appear[ed] to be at odds with the purpose of qui tam actions" and dismissed Relator's complaint under the public disclosure bar. *United States ex rel. Relator, LLC v. Kootstra*, 2024 WL 3666470, at *5 (E.D. Cal. Aug. 6, 2024). Defendants argue that "the similar facts, ruling, and eventual voluntary dismissal in the *Kootstra* case" renders this case "objectively frivolous, vexatious, or filed for the purpose of harassment." (Opp. at 1.)

The court is not persuaded that a case is necessarily frivolous whenever the plaintiff is aware of a district court order that is contrary to a plaintiff's case. An argument is "frivolous" when it is "foreclosed by binding precedent or so obviously wrong as to be frivolous." *United States v. Braunstein*, 281 F.3d 982, 995 (9th Cir. 2002). Because it "is axiomatic that district court decisions do not create binding precedent on other district courts," the *Kootstra* case did not present the sort of binding precedent that necessarily renders an argument rejected by that precedent frivolous. *Willis v. City of Fresno*, 2014 WL 4211087, at *2 (E.D. Cal. Aug. 26, 2014) (citing *Starbuck v. City & County of San Francisco,* 556 F.2d 450, 457 n. 13 (9th Cir. 1977)). Although this court was ultimately persuaded by *Kootstra*, it was not bound by it. And the court finds that it was not frivolous of Plaintiff to pursue a different result here. *Cf. United States v. Stringfellow,* 911 F.2d 225, 227 (9th Cir. 1990) (holding that an out-of-circuit district court case, even if it were "directly on point," would not "render the State's motion to a district court in this circuit frivolous").

Indeed, although Relator's arguments did not persuade this court in this case, Relator has had success with those arguments in opposing motions to dismiss before other courts in this district. *See, e.g., United States of America ex rel. Relator LLC v. Tennyson et al.*, 2:23-cv-05887, Dkt. 75 at 12 (C.D. Cal. Sept. 29, 2025) ("[T]he loan details on PandemicOversight.gov do not reveal facts from which a fraudulent transaction can be inferred.") As stated above, although the court ultimately found *Kootstra* to be more persuasive and applicable to the facts

of this case, the court finds it was not frivolous, vexatious, or harassing of Relator to try to convince the court that it should follow *Tennyson* instead.

Nor is the court persuaded by Defendant's contention that it "was clearly vexatious to continue to prosecute this action, when the United States declined to intervene." (Reply at 3.) "The government's failure to intervene on any or all claims does not mean that the claims lack merit (or that the government thinks that they do)." *United States ex rel. Ormsby v. Sutter Health*, 444 F. Supp. 3d 1010, 1077 (N.D. Cal. 2020). "If relators cannot pursue non-intervened claims, then there is no recourse at all." *Id.*

In conclusion, the court finds that it was not frivolous, vexatious, or harassing of Relator to bring this case and to oppose Defendants' motion to dismiss. Accordingly, the court **DENIES** Defendants' request for attorneys' fees.